GEORGE H. TEWALT *et al.*

*v.*

WILLIAM J. IRWIN.

*Filed at Mt. Vernon January 18, 1897.*

1. PROCESS—*defective return of service does not render summons void.* The fact that a return of service of a summons made by a special deputy is not sworn to, renders the summons defective, but not void.

2. SAME—*defective return of service may be amended.* The court has power to permit a defective return of service of a summons to be amended, in accordance with the facts, at any time before the rights of innocent third parties have intervened.

3. SAME—*object of summons is to bring parties into court—effect of appearance.* The object of a summons is to bring parties into court, and if they appear and submit to the jurisdiction of the court it is immaterial that their appearance was in pursuance to a summons which was void for want of a seal.

4. APPEALS AND ERRORS—*objection not made below is waived.*   An objection that the record of a foreclosure suit was improperly admitted in evidence because the summons therein was defective will be considered as waived, on appeal, where no objection was made on that ground to its admission at trial.

5. EXECUTORS AND ADMINISTRATORS—*appearance of administrator by authorized attorney confers jurisdiction.*   A county court has jurisdiction to allow a claim against an estate where one administrator and the authorized attorney for the other appear and admit the justice and legality of the claim.

6. SAME—*right of creditor of estate to redeem from his own mortgage.* A mortgagee who is also a creditor of the mortgagor under a separate claim, may, on allowance of his claim against the mortgagor's estate, redeem the premises from his own foreclosure sale, the same as any other creditor.

APPEAL from the Circuit Court of Lawrence county; the Hon. S. Z. LANDES, Judge, presiding.

S. J. GEE, for appellants.

CALLAHAN, JONES & LOWE, and GEORGE HUFFMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants brought this suit in ejectment against appellee, to recover two hundred and ninety acres of land in Lawrence county.   On a trial before the court without a jury there was a finding and judgment for defendant.

It was stipulated that the common source of title was in Josiah Tewalt; that he died September 8, 1888, seized and in possession of the land; that plaintiffs were his heirs-at-law, and that they remained in possession of the property two years after his death.   The title claimed by defendant came through a sale under a decree for the foreclosure of a mortgage made by Josiah Tewalt in his lifetime, and a claim allowed against his estate on which special execution was issued, and the land was redeemed, culminating in a conveyance to Charles J. Borden, from whom the title passed by *mesne* conveyances to defendant.

The mortgage foreclosed was executed July 24, 1883, by Josiah Tewalt and wife to the Ætna Insurance Company, to secure a loan of $1500, due July 24, 1889, with seven per cent annual interest. After the death of Josiah Tewalt letters of administration on his estate were granted to his widow, Missouri Tewalt, and John P. Cunningham. The note and mortgage were assigned to William A. Lagow, who began the foreclosure suit. A receiver in that suit placed defendant in possession as a tenant, and he held as such until he acquired his title, since which time he occupied the premises as owner.

It is complained that the court erred in admitting in evidence the files and record in that suit. The ground for this claim is, that the return of service upon the summons was so defective that it did not confer jurisdiction upon the court to render any decree. The return was made by a special deputy, whose appointment was regularly endorsed upon the writ, and the return of service was in due form, fulfilling the requirements of the law, but the return was not sworn to. It was defective only in not being verified by the oath of the special deputy. This objection was not made when the summons was offered. The only objection then made was a general one, in which no reason was pointed out, and if the return, which was undoubtedly defective, could have been amended, the point made is one which, under numerous decisions of this court, not having been made in the trial court, where it might have been obviated, will be considered as waived. (*Hyde* v. *Heath*, 75 Ill. 381; *Clevenger* v. *Dunaway*, 84 id. 367; *Taylor* v. *Adams*, 115 id. 570.) By our Statute of Amendments a return of process may be amended after judgment in affirmance of such judgment. (1 Starr & Curtis' Stat. 269.) Here the process was not void. The return of the sheriff upon a summons does not constitute the service which brings the defendant into court, but is only evidence of the fact of service. The court has power to permit an amendment of the re-

turn in accordance with the fact at any time, where the rights of third parties, acquired in good faith, have not intervened. (*Dunn* v. *Rogers*, 43 Ill. 260; *Barlow* v. *Standford*, 82 id. 298; *Spellmyer* v. *Gaff*, 112 id. 29; *County of La-Salle* v. *Milligan*, 143 id. 321.) The return recited proper service, but was not the character of evidence of such service required by the statute for lack of verification, but as the objection now made might have been obviated if pointed out it will not now be entertained. There was no error in admitting the foreclosure proceeding.

The premises were sold under the decree of foreclosure and were not redeemed by the owners within twelve months from the said sale. A claim was allowed in the county court in favor of William A. Lagow, against the estate of Josiah Tewalt, for $496.36. This claim he assigned to Charles J. Borden, his attorney, who sued out a special execution and levied it on the land, paying the amount necessary to redeem from the sale under the foreclosure decree. Under this execution the land was sold and conveyed to Borden. It is insisted that the court erred in admitting evidence of these proceedings, for the reason that the county court did not obtain jurisdiction to enter the judgment, and that the judgment and execution were defective. It was shown that the summons was issued against only one of the administrators, and that it was void for want of a seal, and if that summons was the only source of jurisdiction none was acquired. It appears, however, from the evidence, that Cunningham had the active management of the administration and that the widow did not actively participate. Charles P. Borden, the attorney before mentioned, was attorney for the administrators, and when the claim was filed he went with the claimant, Lagow, and the administrator, Cunningham, to the county court, where he figured up the amount due and said that the claim was all right. On his admission that the claim was just it was afterward allowed. The object of process and its service is to bring parties into

court, and if they appear, it is immaterial whether it is in pursuance of good or bad process or no process at all. The appearance was not limited in any way, and when one administrator, with the attorney for both, appeared and admitted that the claim was right, it was an appearance for both, and the court had jurisdiction to allow the claim.

It is said that the judgment is against one administrator only. But this is a mistake. The form of the allowance is as follows: "Ordered, that William A. Lagow be and he is hereby allowed the sum of $496.36, as of the seventh class of claims, out of the estate of Josiah Tewalt, deceased." This was the judgment of the court, and the fact that there was a heading or title preceding it in which only one person was named as administrator did not invalidate it. There is no variance between the special execution and the judgment.

It is also objected that the assignment to Borden and the redemption by him were in the interest of Lagow, and it is said that he could not redeem. No reason is given why he could not do so, but counsel treat such a redemption as something which the law forbids. Lagow was a judgment creditor, and we can see nothing in the fact of his holding a certificate which was a prior lien that should place him in a more unfavorable position than other creditors. A creditor may have several liens affected with different rights of priority, but he does not lose rights under a junior lien because of his ownership of a superior one. The redemption resulted in a sale at an enhanced price, which inured to the benefit of Tewalt's estate, and we see no objection to it. There was no error in admitting the evidence complained of.

The judgment will be affirmed.

*Judgment affirmed.*