## No. 9983.

### LEAVITT *v.* CONTINENTAL TRUST CO., ET AL.

Decided January 9, 1922.

Action to set aside foreclosure sale. Judgment of dismissal.

### *Affirmed.*

1. MORTGAGES—*Sale—Redemption.* A mortgagee holding a deficiency judgment after foreclosure sale to a third person, may redeem from that sale as a judgment creditor by virtue of his deficiency judgment.

2. *Redemption by Judgment Creditor, not a Lien Holder.* Under the provisions of section 3653, R. S. 1908, any judgment creditor may redeem from a mortgage sale, and it is not necessary that he should have a lien on the property.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM H. DICKSON, for plaintiff in error.

Messrs. SYMES & WINGREN, Messrs. WATTERS & MORRIS, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

LEAVITT brought suit to set aside a sale to the Continental Trust Company under a decree of foreclosure; a demurrer to the amended complaint was sustained, the plaintiff stood by his complaint, the case was dismissed and he brings error.

The amended complaint alleged that plaintiff was a judgment creditor of The Capitol Ice and Storage Company; that The Continental Trust Company, as trustee for the mortgage bondholders of the said Storage Company, brought suit to foreclose March 25, 1918, and obtained a decree September 11, 1918; that the amount found due was $176,000.00; that all the property of the Storage Company was covered by the mortgage and was sold under the decree to The Federal Ice and Storage Company for $31,-050.00; that said Federal Company was organized and purchased the property merely in the interest of a part of the bondholders for the purpose of transferring it to The Denver Ice and Storage Company, which was done, the sale was reported and approved and a deficiency judgment rendered for $161,000; that the property was worth $100,000; that the small bid was made to avoid a larger payment to the minority bondholders, upon a conspiracy with the trustee and the majority bondholders to defraud the minority, yet being large enough to prevent redemption by small judgment creditors, and so to obtain the property for an inadequate price; that plaintiff purchased a judgment against the Capitol Ice & Storage Company, and obtained an execution thereon April 14, 1919, and April 28th placed it in the hands of the sheriff. But The Continental Trust Company had already redeemed from its own sale, and the property had been readvertised under the statute; that at the sale under said re-advertisement plaintiff bid the

amount required to redeem and The Continental Trust Company bid $150,000 and became the purchaser; that the deed will be delivered unless enjoined, and that plaintiff is without remedy at law.

The alleged attempt to defraud the minority bondholders, who are not parties to this suit, furnishes no equity in favor of plaintiff; the low bid at the first sale was to his advantage, and the redemption and sale for an adequate sum remedied the fraud, if there was any. The question whether the personal property included in the mortgage was redeemable is not raised in argument, so we do not notice it.

We find it necessary to consider but one question, and our decision and opinion relate to that question only, and go no further: May a mortgagee holding a deficiency judgment, after foreclosure sale to a third person, redeem from that sale as a judgment creditor by virtue of such judgment?

The plaintiff in error argues that he may not: First, because such privilege would give him two chances at the same property on the same debt; second, because it would give him power to speculate on the property by bidding low at the first sale, obtaining the property that way if possible while holding the power to take again with his judgment should it be redeemed by any one else.

As to the first point, we see no reason why he should not have two chances if it will not interfere with the purposes of the redemption statutes, which are to enable judgment creditors to get the largest possible amount on their dues, and to secure an adequate price for the benefit of the debtor. This objection, therefore, in itself, is nothing.

As to the second point: Since the same creditor might redeem by virtue of any other judgment which he might secure by purchase or otherwise, there is little practical benefit in the suggestion and we do not see that it is of any force, where, as in the present case, the first purchaser was an outsider.

Plaintiff further claims that the redemption in this case

was improper because the Trust Company had no lien. We think, however, that no lien was necessary. The right of redemption is given by statute and our statute, unlike some others, does not require it.

The defendants in error say that such judgment creditor may redeem, because: First, he comes strictly within the terms of the statutes, Code § 271, R. S. 1908, §§ 3653, 3654 and 3657; second, the privilege is as likely to work for the benefit of the debtor as for his hurt, as is shown in the present case, where the property brought $150,000 when, probably, it would have brought but $32,000 if the Trust Company had not redeemed.

We think the argument is stronger for the defendants in error. The terms of the statutes are with them and cannot lightly be varied. As might be expected on such a question, the authorities are at variance. This court has never before considered the question.

The principal cases supporting our conclusion are *Strause v. Dutch*, 250 Ill. 326, 95 N. E. 286, 35 L. R. A. (N. S.) 413; *Tewalt v. Irwin*, 164 Ill. 592, 46 N. E. 13; *Greene v. Doane, et al.*, 57 Ind. 186; *Posey v. Pressley*, 60 Ala. 243.

Judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.