No. 31,350

W. V. FRAZIER, ABRAHAM A. MARTENS and THE GABEL LAND AND LIVE STOCK COMPANY, *Appellees*, v. WALTER FORD, as Sheriff, etc., *Defendant*, and KATIE E. THOMAS, *Appellant*.

(27 P. 2d 267.)

Opinion filed December 9, 1933.

*R. R. Vermilion, Earl W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott,* all of Wichita, and *Mayo Thomas,* of Los Angeles, Cal., for appellant Katie E. Thomas.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by landowners to enjoin the sheriff from selling their land on execution, and to quiet title against the judgment sought to be enforced by means of the sale. The judgment creditor was made a party defendant. The relief prayed for was granted, and the judgment creditor appeals.

In November, 1921, Milton C. Combs executed his note to the Federal Land Bank of Wichita for $10,000, and secured payment by first mortgage of 1,760 acres of land which he owned, and which is the land involved in the present action. In December, 1922, Combs executed his note for $10,000 to Mayo Thomas, and secured payment by second mortgage of the land. This note and the mortgage securing it were assigned to Katie E. Thomas, the appellant. In May, 1928, the land bank commenced an action to foreclose its mortgage, and Katie E. Thomas was made a party defendant. She appeared and answered, and in a cross petition prayed judgment against Combs for a balance of $7,000 due on her note. She also prayed for foreclosure of her mortgage as a second lien. Judgment was rendered in favor of the land bank, and it was decreed to have a first lien. A personal judgment was rendered in favor of Katie E. Thomas and against Combs for $8,557.83. Judgment was also rendered in her favor for foreclosure of her mortgage, and she was decreed to have a lien subject to the lien of the land bank. On præcipe of the land bank an order of sale was issued and, on November 3, 1928, the land was sold to the land bank for the amount of its judgment, interest and costs. Katie E. Thomas did not bid at the sale. The sale was confirmed, and a certificate of purchase was issued to the land bank. Combs conveyed the land to Archie McFall. The conveyance conferred on McFall privilege to redeem as landowner. Within twelve months after the sale McFall redeemed by paying into court the purchase price and accrued interest and costs, a certificate of redemption was duly issued to McFall, the redemption money was paid to the land bank, and the land bank surrendered its certificate of purchase, all in accordance with the redemption law. McFall conveyed the land to Frazier, Martens, and the Gabel Land and Live Stock Company, the plaintiffs in the present action. In October, 1932, Katie E. Thomas caused execution to be issued on her unsatisfied personal judgment against

Combs. The execution was levied on the land, notice of sale was published, and the present action was commenced.

The foreclosure action which has been referred to bore the district court number 2,297. On the day the judgment was entered in that case judgments were entered in cases 2,298 and 2,299, in favor of the land bank and against Combs, for foreclosure of mortgages on other lands. Those lands were sold to the land bank, Combs conveyed to McFall, and McFall redeemed. Katie E. Thomas was not a party to the actions in cases 2,298 and 2,299. After McFall had redeemed, and after expiration of eighteen months from the dates of sales, Katie E. Thomas undertook to enforce her unsatisfied personal judgment against Combs rendered in case 2,297 by sale on execution of the land involved in the other cases. In an action commenced by McFall, sale was enjoined, and on appeal to this court by Katie E. Thomas the judgment was affirmed. (*McFall v. Ford,* 133 Kan. 593, 1 P. 2d 273; 133 Kan. 678, 3 P. 2d 463.) Writ of certiorari was denied by the supreme court of the United States (285 U. S. 537), an an application for rehearing by that court was denied.

Under the redemption law of this state land sold to satisfy a judgment may be redeemed by the landowner and by certain creditors. Within the first twelve months after sale the landowner has exclusive privilege to redeem. If redemption be not made within that period, any creditor whose demand is a lien may redeem within fifteen months from date of sale, and any creditor whose demand becomes a lien before expiration of the time within which creditors may redeem, may redeem. (R. S. 60-3440 and 60-3441.) The redemption law also contains the following provision:

"Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which the same is sold, or any judgment or lien inferior thereto, and under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for." (R. S. 60-3460.)

In the decision in the case of *McFall v. Ford* there was a difference of opinion occasioned by the fact that Katie E. Thomas was not a party to the actions in cases 2,298 and 2,299, and the minority view was that because she did not have her day in court at any stage of the proceedings resulting in sale and redemption of the land involved in those actions, her privilege to enforce the lien of her judgment in case 2,297 was not cut off by the statute forbidding

resale after redemption. In this instance Katie E. Thomas was an original party defendant to the action in case 2,297. She pleaded her note and pleaded her mortgage as a second lien. She obtained a personal judgment against the principal defendant, Combs, and she obtained a judgment foreclosing her mortgage as a second lien. She thus became a party having an adjudicated inferior lien. The judgment ordered the land sold, and ordered the proceeds to be applied, first to payment of taxes; second, to payment of costs and accruing costs; third, to payment of the land-bank judgment; and fourth, to payment of the judgment in favor of Katie E. Thomas. The judgment further provided that on confirmation of sale a certificate of purchase should be issued to the purchaser, and the judgment concluded as follows:

"And that said defendants and each of them (which included Katie E. Thomas) and any and all persons whomsoever claiming by, through or under them or any of them, upon the confirmation of said sale shall be, and they are hereby by the court forever barred, foreclosed and excluded from any and all right, title, interest and estate, lien upon or equity of redemption in and to said described real estate, and every part thereof; subject only, however, to the right of redemption as by law in such case made and provided."

The redemption law so far as pertinent has been set forth above. The right of redemption included protection of the redemptioner and his grantees from resale in case he redeemed, and Katie E. Thomas was bound by the judgment.

R. S. 60-3126 provides that judgments shall be liens on the real estate of the debtor within the county. Katie E. Thomas contends that when her judgment against Combs was rendered she had two liens on the same land to pay the same debt, one the contract lien merged in the foreclosure judgment, and the other by virtue of the statute. Therefore, when the foreclosure sale failed to produce money to satisfy the judgment, and the debtor's grantee redeemed, the general lien could be enforced by sale on simple execution.

The judgment lien statute is a general statute, operative in all cases except those for which special provision is made. The statute does not even exempt homesteads, but has no application to them. The redemption statute applies specifically to sales, on any kind of process, of land which has once been sold. Besides that, the contention of Katie E. Thomas is contrary to the judgment in the foreclosure case. The judgment was that on confirmation of the foreclosure sale Katie E. Thomas had no interest in or lien upon the

land, except such as the redemption law gave, and the redemption law expressly forbade her to sell the land again.

In connection with the subject just discussed, Katie E. Thomas renews a contention made in the case of *McFall v. Ford* to the effect the foreclosure sale left title just where it was because no sheriff's deed was issued, and consequently the general judgment lien was not affected by sale and redemption, except that the lien was advanced to a first lien. In the opinion denying a rehearing in *McFall v. Ford* it was pointed out that what the statute treats as a sale and calls a sale, is a sale, for the purpose of the statute. It is the statutory sale which is confirmed, and in this instance, after confirmation of the sale to the land bank, resale at the behest of Katie E. Thomas was forbidden. That is the plain law of this state.

Katie E. Thomas contends the redemption statute of this state contravenes provisions of the constitution of this state, and contravenes the due process and equal protection of the law provisions of the constitution of the United States. She is not in position to call on the court to consider either of these contentions.

Katie E. Thomas' answer in the present case pleaded unconstitutionality of the redemption statute. The cause was submitted on the pleadings and a stipulation and agreed statement of facts. The district court simply found generally for plaintiffs, and the case is presented to this court precisely as it was presented to the district court. While appellees have not made the point that Katie E. Thomas is not privileged to raise the constitutional questions, challenge of the constitutionality of an act of the legislature of this state is a matter of such gravity the court ought not to consider the challenge when the face of the record discloses disqualification to make it.

The redemption statute antedated the Katie E. Thomas mortgage. The statute assumed to define the nature and extent of the remedy in case she were obliged to enforce the security. When it became necessary for her to foreclose, the proceeding prescribed by the statute was followed. The very judgment she now seeks to enforce by execution prohibited her from resorting to execution after sale, confirmation and redemption. Whether the statute be sound or unsound, that was the judgment of the court. She acquiesced in the judgment, and it became final. Sale was made, and was confirmed, and the landowner redeemed. The present plaintiffs then purchased

the land, became owners in fee simple and privies in interest with the redemptioner, and went into actual and peaceable possession. Under these circumstances, Katie E. Thomas cannot be heard to say the statute forbidding resale is unconstitutional.

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.