No. 35,983

The Federal Land Bank of Wichita, *Plaintiff*, v. J. W. Ludwig (also known as Joseph W. Ludwig) and Rose A. Ludwig, His Wife, *Appellees;* Federal Farm Mortgage Corporation, *Appellant.*

(143 P. 2d 784)

Opinion filed December 11, 1943.

*Conrad L. Ball,* of Wichita, argued the cause, and *R. L. Hamilton,* of Beloit, *Robert C. Dow* and *Edward H. Jamison,* both of Wichita, were on the briefs for the appellant.

*Ralph H. Noah,* of Beloit, argued the cause for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was a foreclosure action. The point involved is the right of a junior creditor to redeem.

On March 31, 1941, the Federal Land Bank, hereinafter called the Land Bank, filed an action upon notes executed to it by Joseph W. Ludwig and wife and to foreclose a mortgage executed by them to plaintiff to secure the payment of the notes. The Federal Farm Mortgage Corporation, hereinafter called the Mortgage Corporation, the holder of a second mortgage upon the real property, was made a party defendant. Personal service of summons was had upon the mortgagors. The Mortgage Corporation filed its answer and cross-petition setting up the notes and mortgage executed to it by the Ludwigs and asking that its mortgage be foreclosed and that it be adjudged to have a lien upon the property second only to that of plaintiff. The Ludwigs, although duly served with summons, made default. On July 21, 1941, judgment was duly entered for plaintiff for $7,772.82 and for the foreclosure of its mortgage. On October 10, 1941, judgment was duly entered in favor of the Mortgage Corporation for $4,838.90 upon its note and for the foreclosure of its mortgage as a lien second only to that of plaintiff. An order of sale was issued and the land was duly advertised and sold November 17, 1941, to the plaintiff for the full amount of its judgment, interest, taxes and costs. The sale was confirmed December 5, 1941.

On February 15, 1943, the Mortgage Corporation paid to the clerk of the district court $8,532.94, being the amount for which the property was sold to plaintiff and all charges thereon paid by the purchaser, with interest, in accordance with the provisions of law, and the clerk of the court issued to the Mortgage Corporation a certificate of redemption from the sale to plaintiff. On the same date the Mortgage Corporation, by its proper officer, filed an affidavit stating that it was a junior lien holder and the owner of the judgment rendered October 10, 1941, for $4,838.91; that there was due it $5,164.85 as of that date, with interest thereafter at the rate of five percent, and the affidavit was made for the purpose of showing the amount due the Mortgage Corporation as redemptioner.

On February 17, 1943, the mortgagors attempted to redeem by paying to the clerk of the district court the amount plaintiff bid at the sale, with interest. The Mortgage Corporation declined to accept that amount.

On April 9, 1943, the mortgagors filed a motion asking the court to set aside the certificate of redemption issued by the clerk of the court on February 15, 1943, to the Mortgage Corporation on the grounds and for the reasons: (1) That the same was issued and redemption permitted without authority of law; (2) that the Mortgage Corporation was one of the defendants in the action and did not bid at the sale; (3) that the Mortgage Corporation is not a general creditor with a lien upon the premises; (4) that the Mortgage Corporation was not one of the creditors with authority to redeem under the law. This motion was heard by the court and sustained on May 3, 1943. The Mortgage Corporation has appealed from that judgment. There is no controversy about the facts as above stated.

The pertinent provisions of the sections of our statute (G. S. 1935, ch. 60) which control the matter are as follows:

"After sale by the sheriff of any real estate . . . or order of sale, . . . . if the real estate sold by him . . . is subject to redemption, he shall execute to the purchaser a certificate containing a description of the property and the amount of money paid by such purchaser, together with the amount of the costs up to said date, stating that, unless redemption is made within eighteen months thereafter according to law, that the purchaser or his heirs or assigns will be entitled to a deed to the same: . . ." (60-3438)

"The defendant owner may redeem any real property sold under . . . order of sale, at the amount sold for, together with interest, costs and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, and shall in the meantime be entitled to the possession of the property; . . ." (60-3439)

"For the first twelve months after such sale, the right of the defendant owner to redeem is exclusive; but if no redemption is made by the defendant owner at the end of that time, any creditor of the defendant and owner whose demand is a lien upon such real estate may redeem the same at any time within fifteen months from the date of sale. . . ." (60-3440)

"Creditors having the right of redemption may redeem from each other within the time heretofore prescribed, and in the manner hereinafter provided." (60-3442)

"A junior judgment creditor or lien holder may redeem from a senior judgment creditor or lien holder by paying . . . to the clerk of the district court the full sum due said senior creditor or lien holder, with interest and costs, and shall become thereby vested with full title to the judgment so redeemed from and to all liens of such judgment." (60-3446)

"After the expiration of fifteen months from the day of sale, the creditors can no longer redeem from each other, but the defendant owner may still redeem at any time before the end of the eighteen months as aforesaid." (60-3447)

"The mode of redemption as herein provided is by paying the money into the office of the clerk of the district court for the use of the persons thereunto entitled. The person so redeeming, if not the defendant owner in execution or order of sale, must also file his affidavit or that of his agent or attorney, stating as nearly as practicable the amount still unpaid due on his claim. The clerk shall give him a receipt for the money, stating the purpose for which it is paid. . . ." (60-3451)

". . . The terms of redemption shall be in all cases the reimbursement of the amount paid by the then holder of the certificate of purchase, added to his own claim, and including all sums paid by him for taxes, insurance premiums, and interest or sums due, . . . together with costs, . . ." (60-3443)

"If the defendant in execution or order of sale, or his assigns, or the owner of said legal title, fail to redeem, the sheriff must, at the end of the redemption period herein provided, execute a deed to the person who is entitled to the certificate of purchase as hereinbefore provided or his assignee. . . ." (60-3457)

We feel confident that the ruling of the trial court was erroneous and that no authority need be cited for such a holding other than the statutes above quoted. The Mortgage Corporation had an adjudicated lien on this land. It was a judgment creditor holding a judgment junior to that of plaintiff. A few days before the expiration of fifteen months from the date of the sheriff's sale, the defendant owner not having redeemed, the Mortgage Corporation redeemed from its senior judgment creditor in the manner specifically provided by the statute (60-3451) and filed an affidavit containing all that is required by that section.

In support of the ruling of the trial court it is argued on behalf of appellees that the Mortgage Corporation, being a party to the action, had no right to redeem; that authority to redeem applies only to creditors who are not parties to the action. We think that point is not well taken. Indeed, the right of one in the position of appellant to redeem within the period of twelve to fifteen months after the sale, if the defendant owner had not redeemed, is so clearly stated in the statute that in the fifty years since the statute was first enacted (Laws 1893, ch. 109) the specific contention to the contrary has not been made in this court. In *Meyer v. Hurst*, 109 Kan. 730, 201 Pac. 859, the right of such a party to so redeem was recognized, but it was held such right must be exercised within the time specified

in the statute. The question has been discussed in cases where the defendant owner had redeemed within the first twelve months after the sale and the holder of the second judgment lien complained. (See *Case v. Lanyon,* 62 Kan. 69, 61 Pac. 406; *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628; *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884.) In each of those cases, and others which might be cited, the right of the junior judgment creditor to redeem within the period of twelve to fifteen months after the sale, if the defendant owner had not redeemed, was recognized. In some of those cases it was said, in effect, that if the junior judgment creditor desired to protect his lien, so it would not be cut off by the defendant owner redeeming within the time he had the exclusive right to redeem, he should bid at the sale. Naturally, that is true. In *McFall v. Ford,* 133 Kan. 593, 1 P. 2d 273, where it was held Mrs. Thomas was a junior judgment creditor with the right to redeem, it was said (p. 608): "She had the right to redeem, subject to the landowner's preëmptive right." (The dissent in the case was upon another point.) And in *Frazier v. Ford,* 138 Kan. 661, 27 P. 2d 267, where a similar question arose, it was said:

"Under the redemption law of this state land sold to satisfy a judgment may be redeemed by the landowner and by certain creditors. Within the first twelve months after sale the landowner has exclusive privilege to redeem. If redemption be not made within that period, any creditor whose demand is a lien may redeem within fifteen months from date of sale, . . ." (p. 663.)

Appellees cite an article in the Journal of the Bar Association of the State of Kansas, Vol. 10, p. 412, written by a student in the University of Kansas Law School, in which the author reaches the conclusion:

"Where a junior lienor, either a junior mortgagee or a judgment creditor, is joined as a party defendant in an action foreclosing a prior mortgage, he has no right to redeem under the Kansas redemption laws, . . ."

It is sufficient to say that this conclusion is contrary to the plain language of our statute. Our court has never so held. It is the practice of the editors of the *Journal* to publish papers written by the students of the law schools of Kansas and Washburn Universities, prepared in the course of their studies, but the editors do not assume any responsibility for the correctness of the arguments or conclusions therein and they are not binding or authoritative in any court. They are simply what they purport to be—papers prepared by students in the course of their studies, and are valuable for the

purposes for which they are intended. We see no necessity of analyzing the article more extensively.

Appellees cite *Federal Farm Mortgage Corp. v. Crane,* 153 Kan. 114, 109 P. 2d 82, and *Federal Land Bank v. Shoemaker,* 155 Kan. 501, 126 P. 2d 205, and contend that under those authorities the appellant in this case had waived its lien. The contention cannot be sustained. In each of those cases the second mortgagee sought to retain its lien and be in the position of a junior judgment creditor without foreclosing its mortgage. The court held that could not be done. In this case the holder of the second mortgage foreclosed its mortgage and thereby obtained a judgment lien.

Appellees cite *Lauriat v. Stratton,* 11 Fed. 107 (1880), quoted from in the Shoemaker and Crane cases, in which it was said:

"The right of redemption is only given as a protection against a sale to which the redemptioner is not a party. . . ." (p. 113.)

That decision involved the then statutes of Oregon (Deady's Statute, 1874), summarized in the opinion as follows:

"The Civil Code (sections 410-414) provides for the enforcement or foreclosure of the lien of a mortgage by a suit in equity in which the property subject to the lien 'shall be sold to satisfy the debt secured thereby.' Section 410. Any person having a lien upon the property subsequent to the plaintiff must be made a defendant in the suit. Section 411. When it is adjudged in such suit 'that any of the defendants have a lien upon the property, the court shall make a like decree in relation thereto, and the debt secured thereby, as if such defendant were a plaintiff in the suit,' and 'such decree shall determine and specify' the order in which 'the debts secured by such liens shall be satisfied out of the proceeds of the sale of his property.' Section 412.

"The decree, in the first instance, is enforced by means of an execution 'against the property adjudged to be sold,' and if the decree is 'in favor of different persons not united in interest,' the execution can only issue upon their joint application, or by the order of the court upon the motion of either of them. When the decree is also *in personam,* as it may be where there is also a promissory note, or other personal obligation for the payment of the debt, and 'the proceeds of the sale of the property upon which the lien is foreclosed are not sufficient to satisfy the decree as to the sum remaining unsatisfied, the decree may be enforced by an execution as in ordinary cases;' and, in 'such case,'—that is, as to the portion of the decree not satisfied by the proceeds of the sale of the property,—the decree, if in favor of different persons not united in interest, 'shall be deemed a separate decree, and may be enforced accordingly.' Section 413. The decree has the effect to bar the equity of redemption, but the property sold thereon 'may be redeemed in like manner and with like effect,' as property sold upon a judgment, 'and not otherwise.' Section 414." (pp. 109, 110.)

The Oregon statute, construed by the federal court in the Lauriat case, had one thing in common with our present statute, namely, the general purpose of the law was to enable the landowner to get the full value of his property for the payment of his debts; but the provisions for accomplishing that differ from ours. The Oregon statute required plaintiff in a foreclosure action to make all parties defendant who had any lien or claim upon the property. Our statute does not specifically do so, but our decisions encourage it. The Oregon statute required defendants having inferior liens to set them up, and the rights of each of the parties to be specifically determined in the decree. In effect our statute does the same thing, or the defendant by not setting up his claim and seeking an appropriate decree establishing his lien is held to have waived it. The Oregon statute, where two or more parties were adjudged to have liens, required the sale to be had upon the joint praecipe of the parties or an order of court. Our statute makes no such requirement. The sale may be had upon the praecipe of plaintiff, and if he bids at the sale the full amount of his judgment, taxes and costs, the sale price cannot be regarded inequitable as to him (G. S. 1935, 60-3463a). The Oregon statute specifically provided that the sale, at whatever price made, if confirmed, cuts off all the liens. No provision was made for redemption by any party to the action. Under our statute the sale cuts off all liens subject to redemption, as provided by law, and it specifically provides for redemption by a judgment creditor. So, the Lauriat case does not support the court's ruling.

The judgment appealed from should be reversed with directions to overrule the motion. It is so ordered.