No. 64,673

Leavenworth-Jefferson Electric Cooperative, Inc., *Appellant*, v. Kansas Corporation Commission and Kansas Power and Light, *Appellees*.

(797 P.2d 874)

Opinion filed August 30, 1990.

*Stuart S. Lowry*, of Lowry & Johnson, of Valley Falls, argued the cause, and *Michael W. Peters*, of the same firm, was with him on the briefs for appellant.

*Roger K. Weatherby*, of Topeka, argued the cause and was on the brief for appellee Kansas Power and Light Company.

*Dana A. Bradbury*, assistant general counsel, argued the cause, and *Frank A. Caro, Jr.*, general counsel, and *Wm. Scott Hesse*, assistant general counsel, were on the brief for appellee Kansas Corporation Commission.

*L..Earl Watkins, Jr.*, of Watkins, Calcara, Rondeau & Friedeman, P.A., of Great Bend, was on the brief for *amicus curiae* Sunflower Electric Power Corporation.

*Harold L. Haun*, of Topeka, was on the brief for *amicus curiae* Kansas Electric Power Cooperative, Inc.

*Wallace F. Tillman*, chief counsel, of Washington, D.C., was on the brief for *amicus curiae* National Rural Electric Cooperative Association.

The opinion of the court was delivered by

Six, J.: The parties, Leavenworth-Jefferson Electric Cooperative, Inc., (Leavenworth-Jefferson) and The Kansas Power and Light Company (KP&L), have appeared before us with the in-

tention of testing the constitutionality of a section of the Retail Electric Suppliers Act (RESA), K.S.A. 66-1,170 *et seq.* The focus of Leavenworth-Jefferson's claim of unconstitutionality centers on K.S.A. 1989 Supp. 66-1,176. Its route to this court included: (1) briefing and argument before the Kansas Corporation Commission (KCC), resulting in an order adverse to Leavenworth-Jefferson, the plaintiff-appellant; and (2) a trial to the district court of Shawnee County on judicial review of the KCC order also resulting in an order adverse to Leavenworth-Jefferson. The KCC found that it did not have authority to interpret constitutional issues. The district court upheld the constitutionality of K.S.A. 1989 Supp. 66-1,176.

The controlling question is whether we should resolve Leavenworth-Jefferson's constitutional challenge to K.S.A. 1989 Supp. 66-1,176.

The record discloses that Leavenworth-Jefferson, by its actions in settling its controversy with KP&L and in accepting benefits under the statute, is disqualified from asserting a constitutional challenge to K.S.A. 1989 Supp. 66-1,176. We decline to resolve the challenge. We dismiss the appeal.

## Facts

KP&L, respondent-appellee, is an investor-owned utility which transacts the business of an electric utility in the city of Tonganoxie, Kansas. Leavenworth-Jefferson is a member-owned, rural electric cooperative. It operates under the laws of the State of Kansas and under the auspices and control of its lender, the Rural Electrification Administration, Department of Agriculture, Washington, D.C. Pursuant to the terms of RESA, K.S.A. 66-1,170 *et seq.*, the KCC had previously granted Leavenworth-Jefferson a service territory that included the undeveloped tract annexed by the City of Tonganoxie by Ordinance No. 774. Prior to annexation, Perma-Span, a building manufacturer, became the owner of the undeveloped tract. This tract was then annexed by Tonganoxie on the petition of Perma-Span, the sole owner.

KP&L was the franchise holder providing electric service in Tonganoxie. Immediately following the annexation of the undeveloped tract, Leavenworth-Jefferson submitted information on rates and applied to Tonganoxie for a franchise to serve the newly

annexed territory. KP&L also submitted rate information for the City's review. The City voted to allow KP&L to serve the newly annexed territory under KP&L's existing franchise.

Approximately six months later on April 14, 1988, KP&L and Leavenworth-Jefferson executed an agreement for compensation to be paid to Leavenworth-Jefferson pursuant to K.S.A. 1989 Supp. 66-1,176.

After the passage of more than 180 days from the date of the annexation by Tonganoxie, KP&L applied to the KCC for a certificate of convenience and authority to service the annexed area. Leavenworth-Jefferson protested KP&L's application. The KCC found that Leavenworth-Jefferson did not hold a franchise from the City to serve the annexed territory and granted the certificate to KP&L as required by K.S.A. 1989 Supp. 66-1,176.

### The Constitutional Claims

Leavenworth-Jefferson asserts that K.S.A. 1989 Supp. 66-1,176 is unconstitutional because it violates:

(1) the due process clause of the Fourteenth Amendment to the Constitution of the United States by taking property unreasonably without notice or an opportunity to be heard;

(2) art. 2, § 1 of the Constitution of the State of Kansas by delegating matters of statewide concern to a political subdivision; and

(3) the supremacy clause of the United States Constitution. U.S. Const., art. VI, cl. 2.

Leavenworth-Jefferson also claims, as does *amicus curiae* Sunflower Electric Power Corporation, that the United States, which is not a party to the litigation, is an indispensable party.

During oral argument, we posed several questions to counsel relating to the status of Leavenworth-Jefferson to raise the constitutional issue. Rather than resolve these inquiries *sua sponte,* we requested the parties to file supplemental briefs addressing specific questions relating to Leavenworth-Jefferson's qualifications to challenge the constitutionality of K.S.A. 1989 Supp. 66-1,176.

Supplemental briefs were timely filed.

### The Statute, K.S.A. 1989 Supp. 66-1,176, and the April 14, 1988, Agreement

Paragraphs (b), (c), and (d) were added to K.S.A. 1989 Supp. 66-1,176 in 1987. L. 1987, ch. 257, § 3.

Paragraph (c) provides:

"Whenever the service rights of a retail electric supplier are terminated pursuant to subsection (a), *fair and reasonable compensation shall be paid* to such retail electric supplier by the ·supplier subsequently authorized to provide electric service. Such compensation *shall be an amount mutually agreed upon by the affected suppliers* or the sum of the following: . . . ."

The subparagraphs of paragraph (c) set out criteria relating to:

(1) The depreciated replacement cost for the electric utility facilities in the territory in which the service rights have been terminated;

(2) all reasonable and prudent costs of detaching the electric system facilities to be sold and all reasonable and prudent costs of reintegrating the remaining electric system facilities of the retail electric supplier;

(3) an amount equal to the gross revenues attributable to the customers in the terminated territory during the 12 months next preceding the date of termination; and

(4) an amount equal to the state and federal tax liability created by the taxable income received by the retail electric supplier whose service rights have been terminated.

Paragraph (d) provides for the resolution of any disagreement as to the amount of compensation.

"In the event that the parties *are unable to agree* upon an amount of compensation to be paid pursuant to subsection (c), after 60 days following the date of termination of service rights *either party may apply to the district court* having jurisdiction where any portion of the facilities are located, for determination of compensation. *Such determination shall be made by the court* sitting without a jury." (Emphasis added.)

The parties in their April 14, 1988, agreement utilized K.S.A. 1989 Supp. 66-1,176, the statute now questioned by· Leavenworth-Jefferson as unconstitutional, to set the sum owed by KP&L to Leavenworth-Jefferson. The Compensation Agreement provided in part:

"WHEREAS, The City of Tonganoxie, Kansas, did on the 13th day of July, 1987, pursuant to Ordinance No. 774, a copy of which is marked

Exhibit A and is attached hereto, annex the territory described therein and depicted on the sketch identified as Exhibit B, and

"WHEREAS, *K.S.A. 1987 Supp. 66,1-176 et seq. establishes a formula for determination of compensation* owed an electric utility whose territory has been annexed and where that utility does not hold a franchise, and

"WHEREAS, *The parties hereto have stipulated and agreed to compensation due LJEC from KPLGS reserving unto LJEC its right to challenge K.S.A. 1987 Supp. 66-1,176 et seq.*

"NOW, THEREFORE it is agreed as follows:

"FIRST: KPLGS shall promptly pay to LJEC the total *sum of $22,006.00* upon being certificated by the Kansas Corporation Commission to serve the annexed territory with electric service." (Emphasis added.)

During oral argument Leavenworth-Jefferson acknowledged it had received the $22,006. (In its supplemental brief, Leavenworth-Jefferson states that it has not cashed the check, an observation that is not controlling under the facts of this case.) KP&L has performed as agreed under the Compensation Agreement.

The Compensation Agreement provided further:

"SECOND: LJEC and KPLGS shall cooperate in the application of LJEC to secure transmission rights for the existing three phase single pole line located along the north right of way line of U.S. 24 Highway which road is located on the south section line of Section 3, T-11-S, R-21-E, Leavenworth County, Kansas, which line, by mutual agreement, may remain in place until the annexation [of] those tracts excluded from Annexation Ordinance No. 774 depicted on Exhibit B if ever.

"THIRD: In the event of annexation anticipated in paragraph SECOND then all compensation for loss of facilities, relocation and reintegration required of facilities required by K.S.A. 1987 Supp. 66-1,176 *et seq.* for both the territory annexed by Ordinance No. 774 and the tracts excluded therefrom, and reintegrations made necessary by additions to the LJEC system following the execution of this agreement, are hereby receipted.

"FOURTH: In the event of annexation anticipated in paragraph SECOND, and in the event LJEC is unable to obtain a franchise to the annexed territory, LJEC shall relocate its facilities into its own territory without additional compensation at such time as it may be convenient to LJEC but not later than such time as LJEC reconstructs such facilities, except that additional compensation should be provided to LJEC for amounts equal to the preceding twelve months gross revenue for the territory most recently annexed in the event such annexation takes place." ·   ·

The parties have reached beyond Tonganoxie's annexation in Ordinance No. 774 of the undeveloped Perma-Span tract and settled other matters relating to "those Tracts excluded from An-

nexation Ordinance No. 774 depicted on Exhibit B." (Paragraphs Second, Third, and Fourth of the April 14, 1988, Compensation Agreement.) Additional compensation is to be provided to Leavenworth-Jefferson (paragraph Fourth, Compensation Agreement) for "amounts equal to the preceding twelve months gross revenue for the territory [not covered by Ordinance No. 774] most recently annexed in the event such annexation takes place."

KP&L has not questioned Leavenworth-Jefferson's right to assert the constitutional issue. On the contrary, KP&L in its supplemental brief is in agreement with Leavenworth-Jefferson in response to the status questions posed in our briefing order request.

Leavenworth-Jefferson is not entitled to raise the constitutional questions. A challenge to the constitutionality of an act of the legislature is a matter of such gravity an appellate court should not consider the challenge when the record discloses disqualification to make it. *Frazier v. Ford,* 138 Kan. 661, 665, 27 P.2d 267 (1933).

Leavenworth-Jefferson has acquiesced in the acknowledgment, use, and benefit of K.S.A. 1989 Supp. 66-1,176, the statute it questions. In its brief Leavenworth-Jefferson states:

"Following the decision of the City Commission, KPL and Leavenworth-Jefferson negotiated an agreement for compensation to be paid to the displaced utility, Leavenworth-Jefferson, pursuant to K.S.A. 66-1,176. Said agreement was to compensate Leavenworth-Jefferson for depreciated replacement value of facilities within the territory and twelve months of lost revenue as required by 66-1,176, in addition to any required line relocation in the future."

Again, in its supplemental brief, Leavenworth-Jefferson observed:

"Leavenworth-Jefferson and K.P.L. entered into a compensation agreement providing for payment of the sums enumerated in K.S.A. 66-1,176(c)(1)-(4). . . . This agreement does nothing more than resolve the obligation of the affected suppliers, Leavenworth-Jefferson and K.P.L., found in K.S.A. 66-1,176(c). The check from K.P.L. to Leavenworth-Jefferson pursuant to the agreement has not yet been cashed, but insofar as the compensation statute is concerned, the claims between Leavenworth-Jefferson and K.P.L. are resolved. This does not, however, resolve the controversy as the compensation agreement reflecting payment under the statutory formula found at K.S.A. 66-1,176(c), was never an issue in this appeal.

. . . ."

"The April 14, 1988, agreement between Leavenworth-Jefferson and K.P.L. arrives at compensation in the amount that was both mutually agreed upon by the parties and the sum of those factors enumerated in K.S.A. 66-1,176(c)(1)-(4). The intention of the parties has never been otherwise."

KP&L is in agreement. KP&L informs us that:

"The agreement provided for a cash settlement of $22,006.00 for all elements of the statute including loss of facilities; cost of disconnection of those facilities; cost of reintegration of the electric distribution facilities; and continuation in place of the facilities pending future annexations, if any. The agreement did not provide for twelve months of lost revenue because the property was vacant ground at the time of annexation."

We note a disagreement between Leavenworth-Jefferson and KP&L as to whether the sum paid included twelve months of lost revenue.

The parties also have, by the April 14, 1988, Compensation Agreement, resolved matters relating to the possible annexation of other tracts not involved in the Tonganoxie Ordinance No. 774 annexation.

Leavenworth-Jefferson has utilized and relied upon the criteria of K.S.A. 1989 Supp. 66-1,176 for its benefit. The mutually agreed upon compensation has been paid to Leavenworth-Jefferson by KP&L. Under the facts of this case, a resolution of the constitutional challenge would result in an advisory opinion. Parties should not be permitted to rely upon a statute in resolving their differences and, subsequently, seek an advisory opinion as to the constitutionality of that statute. One who claims benefits conferred by a statute will not be heard to question its constitutionality. 16 Am. Jur. 2d, Constitutional Law § 209, p. 625. Leavenworth-Jefferson is estopped to challenge the validity of K.S.A. 1989 Supp. 66-1,176. See 16 C.J.S., Constitutional Law § 80.

K.S.A. 1989 Supp. 66-1,176(d) sets out the manner of resolving any disagreements between the parties as to the amount of compensation. The district court having jurisdiction where any portion of the facilities is located provides the forum. The amount of compensation to be determined is the amount to be paid "pursuant to subsection (c)."

Leavenworth-Jefferson claims that:

(1) compensation for the lost certificate and compensation for the right to provide electric service within the annexed area are not listed as elements in K.S.A. 1989 Supp. 66-1,176(c);

(2) such elements are compensable; and

(3) their omission from the statute creates a constitutional infirmity.

Leavenworth-Jefferson reasons that if it had utilized the "amount of compensation" path set up by the legislature in K.S.A. 1989 Supp. 66-1,176(c), the trial court could only have considered the listed elements and not reached out to value the lost certificate and the right to provide service in the annexed territory.

We note that K.S.A. 1989 Supp. 66-1,176(c) provides for alternative methods of determining compensation. The parties may either mutually agree to an amount or determine the amount using the sum of the elements set out in (c)(1), (2), (3), and (4). Leavenworth-Jefferson and KP&L utilized K.S.A. 1989 Supp. 66-1,176(c) in arriving at the agreed sum of $22,006.

The Compensation Agreement expressly stated that Leavenworth-Jefferson reserved the right to challenge K.S.A. 1989 Supp. 66-1,176 *et seq.* Such a statement, however, particularly when the statute questioned was utilized and relied upon in determining compensation, does not place a constitutional controversy before us.

Except when under some statutory duty to do so, courts do not sit for the purpose of giving opinions upon abstract propositions not involving an actual controversy presented for determination. *Knowles v. State Board of Education,* 219 Kan. 271, 278, 547 P.2d 699 (1976).

We note the claim that the United States is an indispensable party was not presented to the trial court and is now raised for the first time. A point not raised before or presented to the trial court cannot be raised for the first time on appeal. *Kansas Dept. of Revenue v. Coca Cola Co.,* 240 Kan. 548, 552, 731 P.2d 273 (1987). For this additional reason, the issue is not properly before the court.

The appeal is dismissed.