(807 P.2d 702)

No. 65,015

THE FEDERAL LAND BANK OF WICHITA, *Appellant,* v. MARVIN GARTH BROWN, *et al., Appellees.*

Opinion filed March 15, 1991.

*J. Randall Clinkscales,* of Clinkscales & Clinkscales, of Hays, for appellant.

*James L. Bush,* of Windscheffel & Bush, Chtd., of Smith Center, for appellees, William Devlin and James Devlin.

Before DAVIS, P.J., LEWIS and PIERRON, JJ.

PIERRON, J.: The Federal Land Bank of Wichita (appellant) appeals the order of the district court denying the Federal Land Bank the right to redeem land it had foreclosed upon and which had been sold to William Devlin and James Devlin (appellees).

The pertinent facts are not in dispute. On June 30, 1988, the Federal Land Bank of Wichita (FLB) brought an action against Marvin Garth Brown, a/k/a Garth Brown, and Joyce Elaine Brown to foreclose its mortgage on two tracts of land. In addition to the Browns, the petition named several of their creditors as defendants.

Marvin Garth Brown was served by publication. The other defendants were personally served. On December 29, 1988, the district court entered an in rem judgment against Garth Brown and a personal judgment against Joyce Brown for $67,111.22. An order *nunc pro tunc* was entered on June 22, 1989, changing the United States' redemption period from twelve months to six months. The journal entry of judgment also established the priority of liens among the creditors. FLB's mortgage was the first lien; the personal property tax lien filed by Smith County was the second lien; Sears, Roebuck and Company's lien was third; the United States' tax lien was fourth; and James R. Fetters, Joyce Brown's attorney, had the fifth lien. The State of Kansas had earlier waived its lien and had been dismissed from the case. All of the creditors' liens were foreclosed.

A sheriff's sale was held on July 24, 1989. Tract I, a quarter section, was sold to William and James Devlin for $24,000. FLB had sent its attorney to bid on both tracts. However, the instructions provided him were wrong. FLB wanted to bid $37,000 on Tract I, but told the attorney to bid only $22,000. Therefore, the Devlins were successful. This error was discovered after the sale of Tract I, but before the sale of Tract II. The sale was then stopped. On November 17, 1989, Tract II was sold to FLB for $33,415.44 and the sale was confirmed on December 5, 1989. This sale is not involved in this appeal.

The sale of Tract I was confirmed, over FLB's objection, on September 15, 1989. This court affirmed the trial court's confirmation of the sale in an unpublished decision filed April 20, 1990 (No. 64,288).

On October 24, 1989, a "Conveyance of Redemption Rights" was filed in the district court in which Joyce Brown assigned her redemption rights to the Devlins. The record does not reflect that any of the other defendants attempted to redeem the property.

On January 24, 1990, six months from the date of the sheriff's sale, FLB filed a notice of redemption on Tract I. With the notice, it deposited $25,535.57 with the clerk of the district court. This was the amount paid by the Devlins plus costs, interest, and taxes. FLB also filed an affidavit stating that, after application of the amounts received from the sale of both tracts, Joyce Brown

had a balance due of $18,284.21. FLB, in its statement of redeeming creditors, stated that it was applying $37,756.40 from the sale of Tract I against the balance due. This amount is $13,756.40 more than the $24,000 purchase price of the Devlins. This, apparently, was an attempt to bid in the appraised value of the property.

The next day, January 25, 1990, the Devlins filed a "notice of redemption," claiming to redeem Tract I as holders of the Certificate of Purchase and as assignees of Joyce Brown's redemption rights by paying $25,545.86, the amount paid by FLB plus one day's interest of $10.29, into the clerk's office. The clerk filed a certificate on that day stating the Devlins had paid $10.29 into the court. That same day, the trial court filed an order allowing the Devlins to offset the amount of their redemption cost by the amount they paid for the land at sale.

Both parties filed motions to set aside the redemption notices of the other. On March 8, 1990, the trial court denied FLB's redemption and ordered the sheriff to issue a deed to the Devlins. FLB filed a notice of appeal on March 27, 1990.

This court issued a notice to the other creditors that no brief had been filed by them and if none was received before October 19, 1990, they would not be considered and the matter would be scheduled for hearing. None were received and the appeal was scheduled accordingly.

The trial court ruled that the plaintiff, FLB, could not redeem after a foreclosure of its lien and sale of the property. The court found that FLB's deficiency judgment did not constitute a lien as defined by K.S.A. 60-2414(c) and there could be no other justification for allowing redemption. We agree and affirm.

The right of redemption of real property sold under execution, special execution, or order of sale is statutory and is defined under K.S.A. 60-2414. Subsection (b) reads in part:

"If no redemption is made by the defendant owner. . ., any creditor of the defendant owner whose demand is a lien upon the real estate may redeem it at any time within six months from the date of sale."

Subsection (c) states:

"*Creditors who may redeem.* Any creditor whose claim is or becomes a lien prior to the expiration of the time allowed by law for the redemption by creditors may redeem. A mortgagee may redeem upon the terms pre-

scribed by this section before or after the debt secured by the mortgage falls due."

Subsections (e) and (f) set out the provisions for creditors to redeem from each other. There is no further definition of what constitutes a "creditor" to contradict what appears in subsections (b) and (c). Subsection (q) discusses a failure to redeem by either the defendant owner or the junior creditors, but does not modify the previous definition of "creditors."

The narrow issue presented to us is whether the holder of a first mortgage may initiate proceedings to foreclose its mortgage and all other liens on the property, bid in less than its lien amount at sale, and then be able to redeem the property from a successful purchaser at sale. This case does not involve the rights of junior lien creditors who are joined in the action by a senior lien creditor. See *Federal Farm Mortgage Corp. v. Crane,* 153 Kan. 114, 109 P.2d 82 (1941), and *Federal Land Bank v. Ludwig,* 157 Kan. 657, 143 P.2d 784 (1943).

Possibly due to the unusual fact pattern, this appears to be a matter of first impression in Kansas. It is a longstanding principle in Kansas that a mortgage foreclosure merges the lien into the foreclosure decree and extinguishes the lien on the land. *Price v. Bank,* 62 Kan. 735, 64 Pac. 637 (1901); *In re Application for Ad Valorem Tax Exemption,* 14 Kan. App. 2d 600, 797 P.2d 879 (1990). After the plaintiff foreclosed its lien in this case, it was no longer a creditor with a lien and no longer had a right to redeem under 60-2414(c).

There is significant authority in other jurisdictions on whether a creditor who causes the foreclosure sale has a right of redemption. It appears that the determination usually depends on the wording and construction of the applicable statutes. *Annot.,* 108 A.L.R. 993; 55 Am. Jur. 2d, Mortgages § 874; 47 Am. Jur. 2d, Judicial Sales § 342.

The parties have cited to us the cases of *Crowder v. Scott State Bank of Bethany,* 365 Ill. 88, 5 N.E.2d 387 (1936), 108 A.L.R. 991, and *Leavitt v. Continental Trust Co.,* 71 Colo. 3, 203 Pac. 666 (1922). Both cases are distinguishable as the applicable statutes granted the right of redemption to judgment creditors without the obligation that they have a lien on the land.

The bank contends that its deficiency judgment was a lien on the property and re-established it as a lien creditor. It cites as authority *McFall v. Ford*, 133 Kan. 593, 1 P.2d 273 (1931). The facts in *McFall* are quite different. As was set out in the opinion:

"The Federal Land Bank of Wichita commenced actions in the district court of Morton county, numbered, respectively, 2297, 2298 and 2299, to foreclose separate mortgages on separate tracts of land owned by the mortgagor, M. C. Combs. On September 3, 1928, judgment was rendered in each case in favor of the Land Bank and against Combs for the sum due and for foreclosure of mortgage. Mrs. Thomas held a second mortgage on the land involved in case 2297, and was made a party defendant in that suit. On September 3, 1928, when the Land Bank judgment was rendered in case 2297, Mrs. Thomas recovered a personal judgment against Combs, and judgment for foreclosure of mortgage. Afterwards the land involved in case 2297 was sold, with the result that no part of the judgment of Mrs. Thomas against Combs was satisfied. At the time the suits in cases 2298 and 2299 were filed, Mrs. Thomas had no lien of any kind on the tracts involved in those suits. It was neither necessary nor proper to make her a party defendant in those suits, and she was not made a party. When, however, the personal judgment against Combs was rendered in her favor in case 2297, the judgment became a lien on the tracts involved in cases 2298 and 2299, by virtue of R. S. 60-3126. The tracts involved in cases 2298 and 2299 were sold pursuant to the foreclosure judgments in favor of the Land Bank. The bank purchased at the sales for the amount of its judgments, interest, and costs, and received certificates of purchase. Combs conveyed to McFall. The conveyance effected transfer to McFall of Combs' right to redeem, and McFall redeemed within twelve months after the sale. After expiration of eighteen months from date of sale Mrs. Thomas caused execution to be issued on her judgment, and levied on the redeemed tracts." 133 Kan. at 593-94.

The court found that Mrs. Thomas had a right to levy as her deficiency judgment from case No. 2297 could properly be applied against the land in cases Nos. 2298 and 2299. The case does not stand for the proposition that she could have applied her deficiency judgment against the land in case No. 2297. Such a process would have led to a "second sale," which was prohibited then and is now under K.S.A. 60-2414(o).

We, therefore, find that the bank's foreclosure of its lien extinguished the lien and took the bank out of the class of creditors who may redeem.

We note that the Devlins have also argued that the bank could not redeem since the Devlins possessed the defendant owner's

right of redemption through assignment. K.S.A. 60-2414 does give the owner the right of redemption and the right to assign that right. However, the right is the opportunity to redeem as set out in the statute only. There is no mention of cutting off other redemptioners' rights through assignment.

Due to our ruling above, this argument and others raised by the appellees are not determinative and need not be further addressed.

Affirmed.