No. 68,854

EUGENE A. VARNER, *Appellee*, v. GULF INSURANCE COMPANY, *Appellant*.

(866 P.2d 1044)

Opinion filed January 21, 1994.

*Timothy J. Finnerty*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, argued the cause, and *Susan G. Saidian*, of the same firm, was with him on the briefs for the appellant.

*Robert A. Levy*, of Garden City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ABBOTT, J.: This appeal involves whether underinsured motorist coverage is available in this personal injury case. We hold that

the appellant, Gulf Insurance Company, has acquiesced in the judgment and dismiss the appeal.

On May 30, 1989, Eugene L. Varner was injured in a motor vehicle collision when the semi-tractor trailer rig he was driving was struck by a pickup truck driven by Walter Giessel. The semi-tractor trailer rig was owned by Varner's employer, C.F. Mc-Graw, Inc., (McGraw) and Varner was driving it in the scope of his employment. The rig was insured by Gulf Insurance Company (Gulf) at the time of the accident.

Prior to trial Varner settled with Giessel, receiving $100,000, the amount of Giessel's liability limit under his insurance policy. All defendants but Gulf were dismissed prior to trial.

Gulf requested summary judgment on the underinsured motorist (UM) insurance coverage issue, arguing that McGraw had rejected UM coverage in excess of the statutory limit of $25,000 per person/$50,000 per accident and therefore Varner was not entitled to UM benefits. Gulf's initial support for McGraw's rejection consisted of two different rejection forms. The first was a rejection form which the parties ultimately agreed and the court held was effective only in Oklahoma. The second was a rejection form ("the undated form") discovered in the files of the Dillingham Agency, the insurance agency which sold Gulf's insurance policy to McGraw. That form was discovered on September 15, 1989, and it was not dated nor did it reflect the date the Dillingham Agency received it. The form was forwarded to Gulf on September 15, 1989, although Gulf contends the Dillingham Agency had also forwarded a copy on March 22, 1989. On December 9, 1991, the day before Gulf's summary judgment motion was heard, Gulf discovered a third rejection form. This form ("the dated form") was discovered in McGraw's files and was dated February 10, 1989. The dated form was never delivered to either Gulf or the Dillingham Agency.

The trial court denied Gulf's motion for summary judgment, holding that material questions of fact existed concerning both the dated and undated forms. The trial judge noted that he could not determine the effective date of the undated form, so it was not clear whether or not UM coverage in excess of the statutory limits had been waived prior to the May 30, 1989, accident. The trial judge also noted that there was a question as to whether

the dated form applied to the policy in question and that he was concerned about fraud as to the dated form.

Varner filed his motion for partial summary judgment on the UM coverage issue, and the trial court granted Varner's motion, holding that both the dated and undated forms were insufficient as a matter of law to constitute a valid rejection of UM excess limits coverage.

Trial was scheduled for June 22, 1992. On June 23, 1992, Gulf and Varner stipulated that Varner's damages totalled $400,000 and that Giessel was 100% at fault. The parties agreed that Gulf was entitled to a setoff of the $100,000 payment Varner received from Giessel's insurance. Pursuant to the trial court's earlier determination that the insurance policy Varner's employer, Mc-Graw, had with Gulf included UM coverage to the policy limits of $1,000,000, the trial court entered judgment against Gulf and in favor of Varner in the amount of $300,000.

Before the trial court issued its journal entry, Varner and Gulf entered into a settlement agreement. The trial court was not made aware of the settlement agreement. The settlement agreement provided for an immediate payment by Gulf to Varner of $87,500. A second and final payment of $142,500 was made contingent on the outcome of Gulf's appeal of the trial court's determination concerning UM coverage. The parties acknowledged Gulf's intent to appeal that issue. Pursuant to the agreement, all other claims Varner had against Gulf were released, except any "bad faith" claim which may arise and a workers compensation claim. (Gulf also provided McGraw's workers compensation coverage.) Further, Gulf agreed to waive its right to subrogation of any amount Varner received on his workers compensation claim up to $70,000.

Gulf appealed, and the appeal was transferred to this court on Gulf's motion pursuant to K.S.A. 20-3017.

This court raised the issue of whether Gulf's partial payment of the judgment entered against it constitutes acquiescence.

"Acquiescence in a judgment cuts off the right of appellate review. The gist of acquiescence sufficient to cut off a right to appeal is voluntary compliance with the judgment. In order for an appellate court to hold that a party has acquiesced in a judgment, it must be shown that the appellant has either assumed burdens or accepted benefits of the judgment contested

in the appeal." *Younger v. Mitchell*, 245 Kan. 204, Syl. ¶ 1, 777 P.2d 789 (1989).

The rationale for the rule of acquiescence is that a party who voluntarily complies with a judgment cannot thereafter adopt an inconsistent position and appeal the judgment. See *Troyer v. Gilliland*, 247 Kan. 479, Syl. ¶ 1, 799 P.2d 501 (1990); *McDaniel v. Jones*, 235 Kan. 93, Syl. ¶ 1, 679 P.2d 682 (1984); *Brown v. Combined Ins. Co. of America*, 226 Kan. 223, Syl. ¶ 6, 597 P.2d 1080 (1979).

Gulf contends that its payment of $87,500 does not constitute acquiescence sufficient to cut off its right to appeal. Gulf argues that there were several reasons for its payment to Varner:

"They included avoiding the cost to both parties of a pointless jury trial (when Varner, his counsel, and defense counsel agreed as to the probable jury verdict range and the fact that Varner was without fault for the accident), an inducement by Gulf to Varner 'to lump-sum' his workmen's compensation benefits (which would otherwise leave Gulf with 'open medical' and serial, future payments of permanent total disability payments), and providing Varner with immediate cash with which to redeem his home and five acres of land in Colorado which was subject to final foreclosure proceedings only days from the conclusion of the Agreement. As is apparent, only one of these primary reasons for the $87,500 had anything to do with the 'payment' of the district court's judgment."

The reasons Gulf sets forth for entering into the agreement are unpersuasive. Gulf's position on appeal is that it was not liable to Varner for any payment on UM coverage at all. By paying the $87,500, Gulf has made a payment on the judgment of the trial court. That payment is not contingent on the outcome of this appeal and is nonrefundable. It has been paid. This is an amount Gulf would not owe if it prevails on appeal. Gulf's payment of $87,500 is a voluntary payment on the judgment of Gulf's UM liability, no matter what motivation Gulf attributes to the payment.

Gulf argues that it never intended to waive its right to appeal and that "this Court believes that the right to an appeal cannot be waived if a party unequivocally states he does not want to waive it." Gulf notes that the settlement agreement specifically noted Gulf's intent to appeal the trial court's judgment; in fact, payment of an additional $142,500 was made contingent on the outcome of the appeal. Gulf urges this court to hold that payment

of a portion of a judgment, even if that portion is not severable, does not cut off the right to appeal if the party has indicated an intent not to give up the right to appeal.

Although the agreement clearly notes Gulf's intent to appeal and makes payment of $142,500 contingent on the result of the appeal, this does not negate Gulf's acquiescence. An agreement between the parties that the right to appeal is not waived cannot invest an appellate court with jurisdiction when it is otherwise lacking. In *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, Syl. ¶ 6, 687 P.2d 603 (1984), this court held that "[p]arties may not by stipulation vest a court with jurisdiction over a subject matter of a cause which it would not otherwise have had." If jurisdiction is lacking, the action must be dismissed. *In re Miller*, 228 Kan. 606, Syl. ¶ 2, 620 P.2d 800 (1980).

In *Brown*, 226 Kan. 223, on which Gulf relies, this court held that payment of court costs and a portion of the judgment did not constitute acquiescence. There, however, the portion of the judgment paid was an undisputed amount. This court stated:

"In the instant case the insurance company in its cross-appeal is not attacking the general verdict of the jury and does not now contend that it is not liable under the policy. It also concedes that there is no argument about the amount of its payments to be made to Mrs. Brown during the first five years of her disability. . . . [T]he action of the insurance company in paying such sums as are not in contention on appeal is to be encouraged and it should not be penalized for having done so. Likewise, Mrs. Brown, if she has accepted such payment, should not be penalized. We hold that when a party to an appeal has paid any portion of a judgment rendered against such party, including the costs, such party will not be deemed to have acquiesced in the judgment so long as the issues on appeal cannot affect the payments made and the payment thereof is not involved in the issues on appeal." 226 Kan. at 231.

The case at bar is distinguishable from *Brown*. Here, Gulf has not paid an undisputed amount. Gulf's position on appeal is that McGraw executed a valid rejection of UM excess limits coverage. Should Gulf succeed in its appeal, Gulf would not be liable to Varner at all under its policy; Gulf will owe Varner nothing. Yet Gulf has paid Varner $87,500, an amount which would not be owed were Gulf successful on appeal. Counsel have stated that Varner will not pay back the $87,500 to Gulf should Gulf succeed. The only basis for Gulf's payment of $87,500 to Varner was its

liability for UM excess limits coverage, the very coverage Gulf claims it is not liable for. Gulf has paid a disputed amount and therefore has voluntarily acquiesced in the judgment of the trial court.

This court has stated:

"Where a judgment or decree involves distinct and severable matters, demands or issues, an acceptance of the burdens or benefits of one or more parts thereof will not prevent an appeal as to the remaining contested matters, demands or issues." *McDaniel v. Jones*, 235 Kan. 93, Syl. ¶ 2.

See *First Nat'l Bank in Wichita v. Fink*, 241 Kan. 321, 324, 736 P.2d 909 (1987); *Carnes v. Meadowbrook Executive Bldg Corp.*, 17 Kan. App. 2d 292, Syl. ¶ 1, 836 P.2d 1212, *rev. denied* 251 Kan. 937 (1992). The payment made by Gulf is not distinct and severable from the issue on appeal. Gulf is appealing liability in its entirety.

Gulf argues that because it did not intend to waive the right to appeal, its payment to Varner should not be considered voluntary. "Whether in a given case a payment is voluntary depends on the facts of the particular case as indicating an intention on the part of the payer to waive his legal rights." *Younger*, 245 Kan. 204, Syl. ¶ 4.

The mere statement of an intent not to waive the right to appeal does not make a payment involuntary.

Gulf also argues that this court should join other jurisdictions which recognize public policy encouraging payment to a successful plaintiff even though an appeal is pending. Gulf urges this court to follow those jurisdictions which allow payment on a judgment despite the pendency of an appeal, where the appellee "knows it may be subject to repayment if the appellate court reverses the district court, but the plaintiff accepts the payment knowing this." Without addressing the case law Gulf points to from these jurisdictions, it is clear that Gulf's analysis applying these other cases to the case at bar is flawed. Here, counsel for both parties have stated that Varner will not repay the $87,500 if Gulf prevails on appeal.

The law of acquiescence is well established in Kansas. Voluntary compliance with the judgment of a trial court constitutes acquiescence, and where a party is found to have acquiesced in the judgment of a trial court, appellate jurisdiction is lacking and the

party's appeal must be dismissed. Gulf has acquiesced in the judgment of the trial court, and Gulf's appeal is dismissed for lack of jurisdiction.

Appeal dismissed.