No. 72,062

LABETTE COMMUNITY COLLEGE, *Appellee,* and KANSAS STATE BOARD OF EDUCATION, *Involuntary Plaintiff/Appellee,* v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CRAWFORD and CRYSTI ORENDER, *Appellants.*

FORT SCOTT COMMUNITY COLLEGE, *Appellee,* and KANSAS STATE BOARD OF EDUCATION, *Involuntary Plaintiff/Appellee,* v. BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CRAWFORD and CRYSTI ORENDER, *Appellants.*

(907 P.2d 127)

Opinion filed December 8, 1995.

*Richard D. Loffswold, Jr.,* of Girard, argued the cause and was on the brief for appellants.

*Jeffry L. Jack,* of Dearth, Markham & Jack, Chtd., of Parsons, argued the cause for appellee Labette Community College.

*David D. Mullies*, of Hudson & Mullies, L.L.C., of Fort Scott, argued the cause for appellee Fort Scott Community College.

*Dan Biles*, of Gates & Clyde, Chartered, of Overland Park, argued the cause, and *Randall L. Manvitz* and *Rodney J. Bieker*, of the same firm, were with him on the brief for appellee Kansas State Board of Education.

The opinion of the court was delivered by

LOCKETT, J.: Companion cases were filed by two community colleges against the Board of County Commissioners of Crawford County to collect unpaid out-district tuition. See K.S.A. 71-301(b). The County Commissioners argued that the amounts claimed had been improperly calculated and that the statutes which required the county to pay out-district tuition violated both the United States Constitution and the Kansas Constitution. The cases were consolidated for trial. Prior to trial, the parties moved for summary judgment. After the district court found the statutory procedure to collect out-district tuition was constitutional and granted judgment to the community colleges and the Kansas State Board of Education (KSBE), the parties announced that they had previously reached a partial settlement and requested the action be converted to one for declaratory judgment, which required realignment of the parties, to determine statutory and constitutional issues. The district court denied the request to convert the action. The County Commissioners appealed, claiming (1) the trial court abused its discretion in refusing to recognize the partial settlement agreement entered into by the parties and convert the action to one for declaratory judgment; (2) K.S.A. 71-301(b) as applied violates the provisions of article 2, section 17 of the Kansas Constitution; (3) K.S.A. 71-301(b) violates the provisions of article 11, section 1(b) of the Kansas Constitution; and (4) portions of the community colleges' claims are barred by K.S.A. 71-301(d)(2). The appeal was transferred to this court pursuant to K.S.A. 20-3018(c). At oral argument, this court informed counsel for the parties that if the settlement agreement constituted an acquiescence in the trial court's judgment, the County Commissioners' right to appeal the trial court's judgment was waived.

## County's Out-District Tuition Obligation

The Kansas Constitution requires the legislature to provide for intellectual, educational, vocational, and scientific improvement by establishing and maintaining public schools and educational institutions. The legislature is also required to provide for the financing of the educational interests of the state. Kan. Const. art. 6, §§ 1 and 6(b). In compliance with these constitutional provisions, more than 75 years ago the Kansas Legislature authorized the establishment of junior colleges having a 2-year course of post-high school education. See R.S. 1923, 72-3301 *et seq.* In 1980 these junior colleges became "community colleges." K.S.A. 71-120. Each community college has a board of trustees vested with the power to sue and be sued. K.S.A. 71-201(b)(2).

Community college funding comes from several sources. Each community college has as a tax base a taxing district consisting generally of one county or less. The board of trustees is authorized to levy a tax on the taxable tangible property of the community college district. K.S.A. 71-204. Another source of funding is in-state, out-of-state, and foreign student tuition. K.S.A. 71-301(a). A third source, the one at issue here, is out-district tuition. Out-district tuition is tuition paid by the board of county commissioners of the county of residence of in-state students who reside outside the community college district. K.S.A. 71-301(b).

Out-district tuition is calculated in the following manner. The board of trustees, in accordance with rules and regulations of the KSBE, determines the amount of out-district tuition to be charged for each out-district student attending the community college. K.S.A. 71-301(b). Based on information provided by the community college as well as its own audits and investigations, the KSBE determines the amount of out-district tuition each community college is entitled to bill counties each year. K.S.A. 71-607(a).

The board of county commissioners of a county charged with the payment of out-district tuition is required to levy a tax on all the taxable property in the county sufficient to pay the out-district tuition charges. The proceeds from the tax are deposited in a special fund for payment of out-district tuition. Upon receiving a bill

for out-district tuition, the board of county commissioners is required to pay promptly the tuition from the special fund or, if there is insufficient money in the special fund, from the county general fund or from the proceeds from the sale of no-fund warrants issued for the purpose of paying out-district tuition. K.S.A. 71-301(b).

## Refusal To Set Aside Summary Judgment

The trial court's refusal to set aside the grant of summary judgment and to recognize the settlement agreement entered into by the parties and convert the action to one for declaratory judgment is a matter which lies within the sound discretion of the trial court. Judicial discretion is abused if it is arbitrary, fanciful, or unreasonable, which is another way of stating that discretion is abused only if no reasonable person would take the view adopted by the trial court. If reasonable persons could differ regarding the propriety of the action taken by the trial court, it cannot be said that the trial court abused its discretion. *State v. Warden*, 257 Kan. 94, 116, 891 P.2d 1074 (1995). See *Saucedo v. Winger*, 252 Kan. 718, 729-32, 850 P.2d 908 (1993), for a detailed discussion of judicial discretion. After reviewing the record, we find that the trial court did not abuse its discretion in refusing to recognize the settlement agreement and convert the action to one for declaratory judgment.

## Remaining Issues

During the conference of the case and after deciding the first issue, we observed that the remaining issues in the appeal concern whether the system for calculating and paying out-district tuition is constitutional and whether the amounts of out-district tuition sought by the community colleges were properly calculated. We noted that prior to the trial judge's entry of judgment and without informing the judge, the parties entered into a settlement agreement which provided that the County Commissioners would pay the full amount of out-district tuition owed to the community colleges under the current causes of action. The agreement purported to preserve the County Commissioners' right to appeal. However, regardless of the outcome of any appeal, the settlement agreement provided that the County Commissioners would not be reimbursed

for the amounts they paid the community colleges pursuant to the agreement. Because the payment of the community colleges' claims was not contingent on the outcome of the appeal and because the County Commissioners would not be reimbursed for the out-district tuition paid under the agreement, we believed the County Commissioners had acquiesced in the judgment of the trial court that the County Commissioners were required to pay the amounts sought by the community colleges. We observed that a party who voluntarily complies with a judgment cannot thereafter adopt an inconsistent position and appeal the judgment. Neither the statement of an intent not to waive the right to appeal nor an agreement between the parties to an action that the right to appeal is not waived can invest an appellate court with jurisdiction to determine issues where jurisdiction is otherwise lacking. See *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 496, 866 P.2d 1044 (1994).

We informed the parties of our holding that the trial court did not abuse its discretion in refusing to recognize the settlement agreement and convert the action to one for declaratory judgment. We then ordered the parties to show cause why the appeal should not be dismissed as to the remaining issues because, by entering into the settlement agreement, the County Commissioners acquiesced in the judgment of the trial court. Each party was given time to answer the show cause order and to respond to the other parties' answers. All parties that responded contended the settlement agreement and the payment of the community colleges' claims did not constitute acquiescence sufficient to cut off the right to appeal the constitutional issues. The County Commissioners did acknowledge that by agreeing to the amounts claimed by the community colleges, they waived their statutory claim that the amounts were improperly calculated.

The County Commissioners argue that they never intended to waive the right to appeal, an intention which was included in the settlement agreement and is not severable from the agreement. They point out that where a judgment or decree involves distinct and severable matters, demands, or issues, an acceptance of the burdens or benefits of one or more parts thereof will not prevent

an appeal as to the remaining contested matters, demands, or issues. *McDaniel v. Jones*, 235 Kan. 93, Syl. ¶ 2, 679 P.2d 682 (1984).

The County Commissioners are correct that where a judgment involves distinct and severable issues, an acceptance of the burdens or benefits of one or more issues will not prevent an appeal as to the remaining contested issues. However, that rule does not apply here because the constitutional issues remaining in this appeal are not distinct and severable from the payment of out-district tuition made by the County Commissioners.

In *Varner*, 254 Kan. 492, a factually similar situation occurred when an insurance company paid a disputed amount to its insured's employee pursuant to underinsured motorist (UM) coverage and the company then attempted to appeal its liability for UM coverage. We stated:

"Gulf has not paid an undisputed amount. Gulf's position on appeal is that McGraw executed a valid rejection of UM excess limits coverage. Should Gulf succeed in its appeal, Gulf would not be liable to Varner at all under its policy; Gulf will owe Varner nothing. Yet Gulf has paid Varner $87,500, an amount which would not be owed were Gulf successful on appeal. Counsel have stated that Varner will not pay back the $87,500 to Gulf should Gulf succeed. The only basis for Gulf's payment of $87,500 to Varner was its liability for UM excess limits coverage, the very coverage Gulf claims it is not liable for. Gulf has paid a disputed amount and therefore has voluntarily acquiesced in the judgment of the trial court." 254 Kan. at 496-97.

Likewise, should the County Commissioners prevail or fail in their appeal of the remaining constitutional issues raised, they would not be liable for any amount of out-district tuition. By paying the full amount of the community colleges' claims for out-district tuition under the settlement agreement, the County Commissioners have paid the very amount for which they contend they are not liable.

The mere statement of an intent not to waive the right to an appeal does not make a settlement or payment involuntary. The law of acquiescence is well established in Kansas. Voluntary compliance with the judgment of a trial court constitutes acquiescence, and where a party is found to have acquiesced in the judgment of a trial court, appellate jurisdiction is lacking and the party's appeal must be dismissed. 254 Kan. at 497-98.

A challenge to the constitutionality of an act of the legislature is a matter of such gravity that an appellate court will not consider that challenge when the record discloses that the parties have settled the claim upon which that issue arose. Parties are not permitted to rely upon an agreement not to waive the right of appeal in resolving their differences and subsequently seek an advisory opinion as to the constitutionality of a statute. Under the facts presented herein, one who agrees to the settlement of a claim will not later be heard to question the constitutionality of the statutes that created the claim. *Leavenworth-Jefferson Electric Co-op v. Kansas Corp. Comm'n*, 247 Kan. 268, Syl. ¶¶ 1-3, 797 P.2d 874 (1990).

The County Commissioners have acquiesced in the judgment of the trial court holding that the out-district tuition scheme is constitutional. The judgment of the trial court rejecting the parties' settlement agreement to convert the action to one for declaratory judgment is affirmed. The appeal as to the remaining issues is dismissed.