(20 P.3d 1292)

No. 85,090

STATE OF KANSAS, *Appellee*, v. MATTHEW S. ASHER, *Appellant*.

Opin-
ion filed April 6, 2001.

*James G. Chappas*, of James G. Chappas, Chtd., of Topeka, for the appellant.

*Deborah Hughes* and *Joseph W. Lentz*, assistant district attorneys, *Joan Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, C.J., PIERRON, J., and ROGG, S.J.

PIERRON, J.: Matthew S. Asher entered an *Alford* plea to a charge of misdemeanor theft. See *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct 160 (1970). He appeals the district court's denial of his motion to dismiss based on a violation of his right to a speedy trial. We dismiss the appeal for lack of jurisdiction.

On April 23, 1997, Asher was charged with falsely reporting a crime, presenting a false claim, theft, and obtaining a prescription-only drug by fraudulent means. All the crimes were class A non-person misdemeanors. Asher was never formally arraigned on these charges. On May 8, 1997, Asher's attorney entered an appearance and filed a request for a jury trial. The jury trial was set for July 28, 1997. On July 17, 1997, Asher filed a motion for a continuance in order to complete a diversion check.

On September 15, 1997, Asher entered a 12-month diversionary agreement. On February 20, 1998, his diversion agreement was revoked because he received another diversion for a new crime of

shoplifting in Arkansas City during the time of his Shawnee County diversion. Asher appealed his revocation to our court and later filed a motion for voluntary dismissal. Our mandate dismissing the case was filed on December 31, 1998.

The case lay inactive until the State filed a renewed motion to revoke diversion on October 28, 1999. In response, Asher filed a motion to dismiss on the grounds that his right to a speedy trial had been violated. On November 17, 1999, the district court denied Asher's motion, holding that it was the policy in Shawnee County to not arraign misdemeanor defendants and, therefore, Asher's speedy trial clock never commenced running. Asher was immediately arraigned on the charges, and the case was set for trial on February 7, 2000.

Due to the very peculiar facts of this case, it would be difficult to judge Asher's claim of a speedy trial violation. However, we need not reach that issue. On March 22, 2000, Asher entered an *Alford* plea to the misdemeanor theft charge and the other charges were dropped.

At the plea and sentencing hearing, Asher's counsel attempted to reserve the issue of the violation of the right to speedy trial for appeal. Apparently, the State agreed that the jurisdictional challenge to the theft conviction would be reserved for the appellate court.

Parties cannot create jurisdiction in our court. "An agreement between the parties that the right to appeal is not waived cannot invest an appellate court with jurisdiction when it is otherwise lacking." *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 496, 866 P.2d 1044 (1994).

Asher's plea divested this court of jurisdiction to consider his claim of a violation of his right to a speedy trial. We recently rejected the same argument in *State v. Hartman*, 27 Kan. App. 2d 98, 102, 998 P.2d 128 (2000):

"In *State v. Rodriguez*, 254 Kan. 768, Syl. ¶ 2, 869 P.2d 631 (1994), the Supreme Court held: 'The general rule is that a defendant waives his right to a speedy trial by a plea of guilty in the district court.' We apply that general rule in this case and hold defendant waived his statutory and constitutional rights to a speedy trial by his pleas of guilty. See *Witt v. State*, 197 Kan. 363, Syl. ¶ 2, 416

P.2d 717 (1966); *Cooper v. State*, 196 Kan. 421, Syl. ¶ 4, 411 P.2d 652 (1966); *Moore v. Hand*, 187 Kan. 260, 263, 356 P.2d 809 (1960)."

An *Alford* plea allows a defendant to knowingly and intelligently plead guilty, based on the strength of the prosecution's case, without the express admission of guilt, in order to take advantage of plea negotiations. See *Alford*, 400 U.S. at 37-38. Although a strange kind of guilty plea, a guilty plea it is. We have no jurisdiction to hear this appeal.

Appeal dismissed.