No. 91,018

STATE OF KANSAS, *Appellee*, v. JESSE R. MURPHY, *Appellant.*

(91 P.3d 1232)

Opinion filed June 25 2004.

*Michael S. Holland*, of Holland and Holland, of Russell, argued the cause, and *Michael S. Holland II*, of the same firm, was with him on the brief for appellant.

*Douglas W. McNett*, assistant county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: This case involves an appeal by the defendant Jesse R. Murphy's attorney, Douglas Brunson, from the district court's sanction of ordering Brunson to pay all costs for the trial after declaring a mistrial because Brunson failed to subpoena a witness on Murphy's behalf.

Murphy was charged with introducing contraband into or on the grounds of a correctional institution for allegedly spitting out two small balloons filled with tobacco. When the matter came to trial, Brunson, Murphy's attorney, assumed that the State would call all of the witnesses it had subpoenaed and did not issue a separate subpoena for a witness who he believed would provide exculpatory evidence for Murphy. However, after the jury was sworn, Brunson learned that the State had decided not to call some of its witnesses. Brunson sought a continuance to allow him to subpoena the witness, but the district court denied the motion. Instead, the district court declared a mistrial based upon Brunson's self-proclaimed ineffective assistance of counsel and assessed the costs of trial to Brunson as a sanction. Subsequently, the district court issued an order of judgment against Brunson, requiring him to pay $817.91 in costs.

Brunson immediately appealed the sanction order without waiting for Murphy's charges to be tried. The Court of Appeals dismissed Brunson's appeal as interlocutory. Thereafter, the State moved to dismiss the charges against Murphy with prejudice, and the district court granted the motion. Following the order of dismissal, Brunson filed a new notice of appeal of the sanction order. We transferred the matter to this court on our own motion pursuant to K.S.A. 20-3018(c).

Brunson argues that the district court improperly sanctioned him for causing a mistrial. However, Brunson did not object to the district court's sanction. In fact, Brunson acceded to the court, as demonstrated by the following comments in the record:

"The Court: Let's put—I'll grant a mistrial and I will assess the costs of the trial against you, because of your error.

"Mr. Brunson: All right.

"The Court: That means you're going to reimburse Pawnee County for the expenses of the trial to date.

"Mr. Brunson Thank you.

. . . .

"Mr. Brunson: If the Court would figure out the cost of this trial, I will pay it within two weeks."

Brunson's claim of error is dismissed on the basis of acquiescence, which cuts off the right to appellate review. The rationale behind the doctrine of acquiescence is that a party should not be allowed to pursue an inconsistent position on appeal. *McDaniel v. Jones*, 235 Kan. 93, 101-02, 679 P.2d 682 (1984). A party acquiesces in the judgment when he or she voluntarily accepts the benefits or the burdens of the judgment. *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 494-95, 866 P.2d 1044 (1994).

In this case, Brunson voluntarily accepted the trial court's order for a mistrial as a benefit to his client because it effectively delayed his client's trial until the key defense witnesses could be subpoenaed. In addition, his statements to the court indicated that he was willing to accept the sanction and pay the costs. His position before the trial court is inconsistent with his position on appeal. Accordingly, Brunson has waived his right to appellate review by acquiescing in the trial court's judgment.

Appeal dismissed.