(138 P.3d 1259)

No. 94,563

STATE OF KANSAS, *Appellee*, v. ALLAN L. TRYON, *Appellant*.

Opinion filed July 28, 2006.

*Ezra J. Ginzburg*, of Topeka, for the appellant.

*Gerald R. Kuckelman*, special prosecutor, and *Phill Kline*, attorney general, for the appellee.

Before MARQUARDT, P.J., ELLIOTT and PIERRON, JJ.

PIERRON, J.: Allan L. Tryon appeals the sufficiency of the evidence supporting a search warrant, following his plea of no contest to reduced charges of attempted manufacture of methamphetamine. Tryon was informed by defense counsel, the prosecutor, the district court, and in the plea agreement that he could appeal even though he entered a plea.

On June 25, 2004, Wal-Mart loss prevention employees saw Tryon acting erratically in the medicine section of the store while looking at Sudafed products. They followed him to his car, to a Walgreens store where he purchased two boxes of cold tablets, and then to a convenience store where he purchased a gallon of distilled water. The Wal-Mart employees informed local law enforcement officers of their observations and the officers went to Tryon's res-

idence where they smelled a strong odor of ether coming from the house. The officers obtained a search warrant and upon execution discovered an active methamphetamine laboratory in Tryon's house.

Tryon was charged with four drug felonies. He filed a motion to suppress based on insufficient probable cause to support the issuance of the search warrant. The motion to suppress was not argued to the district court before Tryon entered a plea of no contest to reduced charges of one count of attempted manufacture of methamphetamine. At the time Tryon entered his plea, the prosecutor, defense counsel, and the district court agreed, and also stated in the plea agreement, that Tryon could preserve as an issue for appeal the fact that the officer received the warrant on June 25, 2004, at 11:50 p.m., but the officer signed the warrant return that the search warrant was executed on June 25, 2004, at 12:09 a.m. The district court accepted Tryon's plea and sentenced him to 40 months' incarceration.

On appeal, Tryon argues there was insufficient evidence of probable cause to support the issuance of the warrant. Tryon raises various concerns regarding probable cause despite the agreement pursuant to the plea that he could only challenge the fact that the officer wrote the wrong date when he executed the search warrant. Even though Tyron's arguments should probably be limited to the technicality of the wrong date, we find that we are without jurisdiction to even consider his appeal, and that none of his arguments would be grounds for reversal if we did consider it.

Jurisdiction is a question of law over which this court has unlimited review. *City of Dodge City v. Reyes*, 35 Kan. App. 2d 756, Syl. ¶ 1, 133 P.3d 1291 (2006). The right to appeal is entirely a statutory right as is the procedure to be followed. *State v. Ji*, 255 Kan. 101, 102, 872 P.2d 748 (1994). Jurisdiction in this case is controlled by K.S.A. 2005 Supp. 22-3602(a), which provides in part:

"No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."

This jurisdictional limitation would not apply to a defendant's appeal of a district court's refusal to allow a motion to withdraw a plea. See K.S.A. 2005 Supp. 22-3602; K.S.A. 2005 Supp. 22-3210(d). However, there was no motion to withdraw a plea in this case.

It is clear that Tryon believed he could challenge the sufficiency of the search warrant on appeal. He was informed by defense counsel, the prosecutor, and the district court that he could appeal. This agreement was memorialized in the plea agreement. However, a statement of intent not to waive the right to appeal, or an agreement between the parties that the right to appeal is not waived, cannot invest an appellate court with jurisdiction when it is otherwise lacking. *Labette Community College v. Board of Crawford County Comm'rs*, 258 Kan. 622, 626, 907 P.2d 127 (1995).

A factually similar jurisdictional question appeared in *State v. Asher*, 28 Kan. App. 2d 799, 20 P.3d 1292 (2001). Asher entered a *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970), plea to a charge of misdemeanor theft. He then appealed the district court's denial of his motion to dismiss based on a violation of his right to a speedy trial. This court dismissed his appeal for lack of jurisdiction, stating:

"At the plea and sentencing hearing, Asher's counsel attempted to reserve the issue of the violation of the right to speedy trial for appeal. Apparently, the State agreed that the jurisdictional challenge to the theft conviction would be reserved for the appellate court.

"Parties cannot create jurisdiction in our court. 'An agreement between the parties that the right to appeal is not waived cannot invest an appellate court with jurisdiction when it is otherwise lacking.' *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 496, 866 P.2d 1044 (1994)." 28 Kan. App. 2d at 800.

The parties in this case cannot give Tryon the right to appeal where no right existed in law. We generally have a duty to dismiss an appeal when the record discloses a seeming lack of jurisdiction. See *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001). However, we note the complete failure of the defense counsel, the prosecutor, and the district court to properly answer Tryon's questions on this matter, which led him into his present situation. We

will, therefore, analyze his claim notwithstanding the questionable jurisdiction.

Considered on the merits, we find there was sufficient probable cause to support issuance of the search warrant in this case. The duty of the reviewing court is to ensure that the magistrate judge that issued the search warrant had a substantial basis for concluding that probable cause existed. *State v. Ruff*, 266 Kan. 27, 36, 967 P.2d 742 (1998), *overruled in part on other grounds by State v. Weaver*, 276 Kan. 504, 78 P.3d 397 (2003). The magistrate judge in the case at bar was presented with the evidence of Tryon's erratic behavior in the medicine aisle at Wal-Mart, the purchase of cold medicine at Walgreens, the purchase of distilled water at a convenience store, and the smell of ether coming from Tryon's residence. There was definitely sufficient probable cause to support the warrant.

We also find the improper date on the warrant return is a mere technicality and insufficient error to overturn the search. See *State v. Spaulding*, 239 Kan. 439, 441-42, 720 P.2d 1047 (1986); K.S.A. 22-2511 ("No search warrant shall be quashed or evidence suppressed because of technical irregularities not affecting the substantial rights of the accused.").

Therefore, even though, as a matter of law, we may well have no jurisdiction to hear this appeal, in any event the underlying issues in this appeal do not support a reversal. We would also note that a trial on stipulated facts might have provided Tryon with the legal review he desired, while avoiding the time and effort of a full trial. However, as we stated above, such an appeal would not have been successful either.

Appeal dismissed for lack of jurisdiction.