NOT DESIGNATED FOR PUBLICATION

No. 114,698

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PAMILA K. BRUMMER,
*Appellee*,

v.

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,
*Appellant.*

MEMORANDUM OPINION

Appeal from Mitchell District Court; KIM W. CUDNEY, judge. Opinion filed September 2, 2016.
Appeal dismissed.

*Ashlee N. Yager*, special assistant attorney general, and *Justin L. McFarland*, deputy general
counsel, of Kansas Department of Labor, for appellant.

No appearance by appellee.

Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

LEBEN, J.: Pamila Brummer worked for the City of Cawker City for about 7 years
before she was fired for what the City called "absence from employment without leave."
Under the Kansas Employment Security Law, K.S.A. 44-701 *et seq.*, enacted in 1937,
employers contribute to a state fund that is used to pay unemployment benefits to
qualified workers who find themselves involuntarily unemployed. See K.S.A. 2015 Supp.
44-702, 44-704, 44-710, 44-710a, 44-710b. But under K.S.A. 2015 Supp. 44-706, an
employee who is fired for misconduct doesn't receive unemployment benefits, and
Brummer was denied unemployment benefits on that basis. She appealed, and the district

court reversed, finding that K.S.A. 2015 Supp. 44-706 required the City to notify Brummer that continuing to miss work would get her fired. Because the City didn't notify her, the court said, it couldn't show that Brummer was fired for misconduct, and Brummer was entitled to receive unemployment benefits.

The Kansas Employment Security Board of Review, which administers appeals of unemployment-compensation rulings, see K.S.A. 2015 Supp. 44-709, then appealed to our court, arguing that the district court had wrongly interpreted the law—that the statute doesn't require the City to give such notice. But while the appeal to our court was pending, the Board went ahead and paid Brummer her unemployment benefits as the district court directed. Under long-standing Kansas law, when a party voluntarily complies with a judgment, that party is precluded from appeal because it has already acquiesced to the judgment. Under the acquiescence rule, we do not have jurisdiction to consider the merits of the Board's claims. We therefore dismiss the appeal for lack of jurisdiction.

The only factual matters we must set out to explain our ruling relate to the jurisdiction issue. We are required consider whether we have jurisdiction to hear a case when the record before us suggests we may not. *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015). Jurisdictional issues—including whether a party has acquiesced to a judgment—present a legal question that we consider independently. *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 6, 287 P.3d 287 (2012), *rev. denied* 298 Kan. 1208 (2013).

After Brummer applied for unemployment benefits, the Kansas Department of Labor found that she was disqualified from receiving benefits as of August 29, 2014, because she had been fired for misconduct—specifically, "failure to report for work when scheduled, and to notify the employer of the absence."

2

Brummer appealed the denial of unemployment benefits. An unemployment-benefits referee who heard testimony affirmed the denial of unemployment benefits but changed the effective date to September 11, 2014 (finding that the misconduct occurred when she missed work without notice for several days in early September). Brummer then appealed the referee's decision to the Kansas Employment Security Board of Review. The Board affirmed the referee's decision in a one-page decision adopting the referee's findings.

Brummer then appealed the Board's decision to the district court. It reversed the Board's decision based on its conclusion that the Board had incorrectly interpreted the statute regarding what an employer must show before a worker can be fired for misconduct based on absences from work.

The Board then appealed to our court. And while the appeal was pending, the Board advised us that through an "administrative clerical error," it had already paid Brummer her unemployment benefits, in compliance with the district court's judgment. For that reason, this court must consider whether the Board has acquiesced—passively accepted, complied with, or submitted to—the district court's judgment, cutting off its right to appeal that judgment. See Merriam-Webster's Collegiate Dictionary 11 (11th ed. 2014); Black's Law Dictionary 27 (10th ed. 2014).

The legal framework for our consideration has been established in many Kansas appellate cases over several decades. Acquiescence occurs when a party voluntarily complies with a judgment by assuming the burdens or accepting the benefits of the judgment challenged on appeal. *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1271, 136 P.3d 457 (2006). A party that voluntarily complies with a judgment should not be permitted to pursue an inconsistent position by appealing from that judgment, and it's inconsistent for a party to voluntarily pay a money judgment while at the same time arguing on appeal that the judgment was incorrect. 281 Kan. at 1271; *Hemphill v. Ford*

3

*Motor Co.*, 41 Kan. App. 2d 726, 728, 733, 206 P.3d 1 (2009). "'The gist of acquiescence sufficient to cut off a right to appeal is voluntary compliance with the judgment.'" *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 494, 866 P.2d 1044 (1994) (quoting *Younger v. Mitchell*, 245 Kan. 204, Syl. ¶ 1, 777 P.2d 789 [1989]). Whether a payment is voluntary depends on the facts of the particular case—the question is whether the payer intended to waive his or her legal rights. *Varner*, 254 Kan. at 497; *City of Kingman v. Ploog*, No. 114,009, 2016 WL 3659856, at *4 (Kan. App. 2016) (unpublished opinion).

Here, the Board claims the payment to Brummer was the result of an "administrative clerical error." The Board's argument appears to be that because the payment was made in error, it was unintentional, so the Board didn't *intend* to give up its right to appeal. But the Kansas Supreme Court has held that even if a party makes a partial payment on a judgment while *expressly reserving* the right to appeal, that party has acquiesced in the judgment if the partial payment is part of what's being contested on appeal. *Varner*, 254 Kan. at 497. Here, the Board didn't even expressly reserve the right to appeal; it simply contends that it didn't mean to pay Brummer.

The Board nowhere suggests that it was somehow *forced* to pay Brummer. This may seem strange to the lay reader—the district court ordered that Brummer was entitled to the benefits, so one might think that the Board *was* forced to make the payments. But legal judgments generally don't take effect until appeals have been exhausted, and the Board makes no argument here that it had to comply with the district court's order while the appeal was pending.

Instead, it cites language from *Uhlmann* stating that acquiescence only occurs when a party's actions "''clearly and unmistakably show an inconsistent course of conduct or an unconditional, voluntary and absolute acquiescence,''" suggesting that a mere clerical error doesn't mean the party has acquiesced. 48 Kan. App. 2d at 17 (quoting *James v. Amrine*, 157 Kan. 397, 403, 140 P.2d 362 [1943]). But the *Uhlmann* case

4

presented a much different situation than we have here. Uhlmann won a money judgment and attempted to garnish the other party's bank account but didn't actually collect any money on the judgment. The court explained that a garnishment attempt is the only way for the winning party (the "judgment creditor") to protect its judgment because it can force the judgment debtor to file an appeal bond in order to stop the garnishment—the appeal bond keeps the judgment creditor from enforcing the judgment, thereby stopping the garnishment, but protects the judgment creditor if the judgment is affirmed. 48 Kan. App. 2d at 16. So the *Uhlmann* court held that a judgment creditor who attempts to enforce a judgment as a protective measure but doesn't actually collect any money hasn't acquiesced to the judgement and can still appeal: "[A]cquiescence is not to be implied from actions a party takes to protect its rights." 48 Kan. App. 2d at 17-18; *cf. Ploog*, 2016 WL 3659856, at *4 (paying court-ordered criminal fines and signing a probation order, under threat of being held in contempt, does not constitute acquiescence because such actions are not voluntary). But the Board doesn't argue that it paid Brummer's unemployment benefits in order to protect its rights—it just says it made a mistake. Nothing in Kansas caselaw suggests that acquiescence turns on the absence of mistake.

As the language quoted by the Board suggests, it's true that acquiescence, as an implied waiver, should not be invoked too easily. But the facts here show simple and straightforward acquiescence: the Board's payment to Brummer was wholly inconsistent with its position on appeal. If the Board were to succeed on appeal, it would not owe Brummer the unemployment benefits it has already paid her. See *Varner*, 254 Kan. at 495. Indeed, in that case, Brummer might have to pay back the unemployment benefits she has received. See K.S.A. 2015 Supp. 44-719(d)(1). The Board, by paying Brummer, has acquiesced to the district court's judgment. We therefore lack jurisdiction to hear its appeal.

The appeal is dismissed for lack of jurisdiction.

5